UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| ERIK S. LUCAS, | ) | No.  16-71878 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| JEFFREY D. RICHARDSON, | ) | |
| Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No.  17-07004 |
| | ) | |
| MIDWEST TECHNICAL INSTITUTE, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO ADVERSARY COMPLAINT

NOW COMES the Defendant, MIDWEST TECHNICAL INSTITUTE. INC., an Illinois Corporation, by its attorneys, WILLIAM C. LOEFFEL of Kavanagh, Scully, Sudow, White & Frederick, P.C., and pursuant to Rule 7012 (a), F.R. Bankr. P., in Answer to Plaintiff's Adversary Complaint (#41), States as Follows:

### COUNT I-FRADULENT CONVEYANCE

1. Midwest Technical Institute admits. In addition, pursuant to Rule 7012(b), F.R.Bankr. P., Defendant consents to the entry of a final judgment by this Court.

2. Midwest Technical Institute admits.

3. Midwest Technical Institute admits.

4.      Midwest Technical Institute lacks information or belief sufficient to form a belief as to the truth of the allegation contained in Paragraph 4 of Count I and on that basis, denies the allegation.

5.      Midwest Technical Institute lacks information or belief sufficient to form a belief as to the truth of the allegation contained in Paragraph 5 of Count I and on that basis, denies the allegation.

6.      Midwest Technical Institute admits the allegation contained in Paragraph 6 of Count I to the extent that on September 16, 2016 it processed a check numbered 1056 drawn on account 6####6 which may have been from Debtor Eric S. Lucas, for the tuition of Ezra Lucas, who is apparently the son of the Debtor.

7.      Midwest Technical Institute denies the allegation contained in Paragraph 7 of Count I, in that the payment of tuition under the circumstances of this case was not a fraudulent conveyance under 11 U.S.C. §548(a)(1)(B)(i). The benefits received by the Debtor were of reasonable equivalent value and were concrete and quantifiable. Midwest Technical Institute lacks information or belief sufficient to form a belief as to the truth of the allegation regarding the solvency of the Debtor at the time tuition was paid, and on that basis, denies the allegation.

8.      Midwest Technical Institute denies the allegation contained in Paragraph 8 of Count I, it that it has responded to the Plaintiff's demand.

WHEREFORE, Defendant MIDWEST TECHNICAL INSTITUTE. INC prays for relief and judgment as follows:

a.      that the Court deny Plaintiff's prayer for relief in its entirety and that the Court enter judgment in Midwest Technical Institute's favor;

    b.    that the Court award Midwest Technical Institute costs and expenses incurred in this action; and

    c.    that the Court award Midwest Technical Institute such other and further relief that it deems appropriate

COUNT II-PREFERENCE

1.    Midwest Technical Institute admits. In addition, pursuant to Rule 7012(b), F.R.Bankr. P., Defendant consents to the entry of a final judgment by this Court.

2-5.    Midwest Technical Institute lacks information or belief sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2-5 of Count II, and on that basis, denies the allegations.

6.    Midwest Technical Institute admits the allegation contained in Paragraph 6 of Count I to the extent that on September 16, 2016 it processed a check numbered 1056 drawn on account 6####6 which may have been from Debtor Eric S. Lucas, for the tuition of Ezra Lucas, who is apparently the son of the Debtor.

7.    Midwest Technical Institute denies the allegation contained in Paragraph 7 of Count II, that said payment constituted a preference under 11 U.S.C. §547.

8.    Midwest Technical Institute denies the allegation contained in Paragraph 8 of Count I, it that it has responded to the Plaintiff's demand.

WHEREFORE, Defendant MIDWEST TECHNICAL INSTITUTE. INC prays for relief and judgment as follows:

    a.    that the Court deny Plaintiff's prayer for relief in its entirety and that the Court enter judgment in Midwest Technical Institute's favor;

      b.      that the Court award Midwest Technical Institute costs and expenses incurred in this action; and

      c.      that the Court award Midwest Technical Institute such other and further relief that it deems appropriate.

      Respectfully submitted,

      _/s/_ William C. Loeffel_____
      William C. Loeffel
      Attorney for Defendant

William C. Loeffel
#IL6193510
Kavanagh, Scully, Sudow, White & Frederick, P.C.
301 SW Adams, STE 700
Peoria, IL 61602
(309) 676-1381
bill.loeffel@att.net

## PROOF OF SERVICE

I certify that on April 3, 2017, I filed this document with the Bankruptcy Court for the Central District of Illinois ECF filing system, for service by electronic means upon:

Jeffrey D. Richardson
132 S. Water Street, STE 444
Decatur, IL 62523
jdrdec@aol.com


Timothy E. Ruppel
Region 10 Peoria Office – U.S. Trustee
401 North Main
Peoria, IL 61602
Tim.ruppel@usdoj.gov

Timothy J. Forman
3108 Victoria Drive
Springfield, IL 62704
tjf@tformanlaw.net




William C. Loeffel
#IL6193510
Kavanagh, Scully, Sudow, White & Frederick, P.C.
301 SW Adams, STE 700
Peoria, IL 61602
(309) 676-1381
bill.loeffel@att.net